HARRY MCENTARFFER, JR., APPELLANT, V. JOSEPH RUDOLPH
ET AL., APPELLEES.

147 N. W. 2d 763

Filed January 6, 1967. No. 36345.

Sidner, Gunderson, Svoboda & Schilke and William L. Gilmore, for appellant.

Wilson, Barlow, Neff & Watson, for appellee Rudolph.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and FLORY, District Judge.

SMITH, J.

The motor scooter that plaintiff was driving east collided with the automobile that defendant was turning from west to south in an urban intersection. Plaintiff's claim of negligence was submitted to a jury under instructions on contributory negligence in respect to speed, control, lookout, and right-of-way. The jury returned a general verdict for defendant, and plaintiff has appealed. He contends that the evidence is insufficient to sustain an affirmative finding on one specification of contributory negligence—excessive speed.

The intersection, located in Lincoln, Nebraska, was formed by Sixteenth Street for southbound traffic only and by Vine Street for east-west traffic. Sixteenth Street had a 50-foot width at the south side of the intersection. Vine Street had a 30-foot width at both sides. The curb radius of the southeast corner was 16 feet. At the east side the center lane on Vine Street was marked for left turns onto Sixteenth Street. A speed limit of 35 miles per hour was in force, and an automatic signal controlled traffic at the intersection. Standing water in the southwest corner extended 10 feet over the brick surface, and automobiles had tracked the water over the intersection. The collision occurred, however, on a clear afternoon.

Defendant, driving his Chevrolet automobile west on Vine Street, entered the left-turn lane. In obedience

to a red traffic signal he stopped east of the crosswalk. When the signal changed to green, he started his turn. Meanwhile plaintiff was driving the Cushman motor scooter east on Vine Street. In his opinion he entered the intersection at a speed of 20 miles per hour. One bystander saw plaintiff approach the intersection at a speed of 25 or 30 miles per hour. Another observed that 10 yards west of the intersection plaintiff slowed to 5 or 10 miles per hour and then perhaps accelerated somewhat. Plaintiff was in the intersection when he first saw the Chevrolet, which was in the turn lane. He testified:

"It seemed like I was in the intersection already; and just going into it * * * and I noticed he pulled over into the turning lane; but * * * I was halfway through the intersection * * *. * * * it seems like I was just going into the intersection when I saw the car, and it seems like he was in the turn lane. * * * I figured he was going to turn because he was in the turn lane, * * *."

The impact occurred in the southeast quarter, 11 feet east and 13½ feet south of the center of the intersection. Plaintiff was thrown into the air and against the hood and upper grill of the Chevrolet. Damage to both vehicles was considerable in the opinion of the investigating police officer. Areas of damage were the left front bumper, grill, and hood of the Chevrolet, and both sides, front fender, and front fork of the scooter. Skid marks of the Chevrolet were 3 feet long. Skid and slide marks of the scooter began 12 feet east of the west curb line. After the collision the Chevrolet faced southwest in the southeast quarter of the intersection. The motor scooter was located directly west of it, and plaintiff lay between them.

A motorist is under a duty not to exceed the maximum speed that is reasonable and prudent under existing conditions. A speed less than the specific maximum prescribed in a regulation is not necessarily reasonable or prudent. Stillwell v. Schmoker, 175 Neb. 595, 122 N. W.

2d 538. The evidence is sufficient to sustain a finding of excessive speed.

The judgment is affirmed.

AFFIRMED.